UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2017 SEP 22 PM 2:09
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

RONALD C. STEPHENS and )
MISTI A. STEPHENS, )
                )  Case No.: 3:17-cv-987-J-39JBT
        Plaintiffs, )
                )  **JURY TRIAL DEMANDED**
v. )
                )  **INJUNCTIVE RELIEF SOUGHT**
BANK OF AMERICA, N.A., and )
BAYVIEW LOAN SERVICING, LLC, )
        Defendants. )
_____/

## COMPLAINT

Ronald C. Stephens and Misti A. Stephens (collectively the "Stephens" or "Plaintiffs") sue BANK OF AMERICA, N.A., ("BOA"), and BAYVIEW LOAN SERVICING, LLC ("Bayview"), or collectively, the "Defendants", and aver:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1691; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); the Telephone Consumer Protection Act ("TCPA"), § 47 U.S.C. 227; and the Florida Consumer Collection Practices Act ("FCCPA"), §§ 559.55-559.785.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here. 28 U.S.C. § 1408.

## PARTIES

4. Plaintiff Ronald C. Stephens is a natural person who resides in the City of Jacksonville Beach, County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person with standing to bring a claim by virtue of being directly affected by Defendants' improper loan servicing, among other improper collection activities.

5. Plaintiff Misti A. Stephens is a natural person who resides in the City of Jacksonville Beach, County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person with standing to bring a claim by virtue of being directly affected by Defendants' improper loan servicing, among other improper collection activities.

6. Defendant BOA is a national banking association, and at all times material, provided financial services to individuals and consumers residing in Florida, including Plaintiffs, and improperly serviced Plaintiffs' loan.

7. Defendant Bayview is a national loan servicing company, and at all times material, serviced loans to individuals and consumers residing in Florida, including Plaintiffs, and improperly serviced Plaintiffs' loan.

## FACTUAL ALLEGATIONS

*a. Plaintiffs' Chapter 11 Plan was Confirmed and Plaintiffs were Awarded their Discharge; however, Defendants still attempted to collect a debt.*

8. On July 27, 2011, Plaintiffs filed a voluntary bankruptcy petition in the Middle District of Florida, Bankruptcy Division ("Bankruptcy Court"), Case No.: 3:11-bk-5498, under Chapter 11 of the Bankruptcy Code.

9. On February 23, 2012, Plaintiffs filed their plan of reorganization dated February 23, 2012 (the "Plan").

10. On May 10, 2013 (Doc 181), after notice and hearing, the Plan was confirmed by the Bankruptcy Court (the "Confirmed Plan"), and the Bankruptcy Court's order followed ("Confirmation Order").

11. On June 28, 2013 (Doc 188), Plaintiffs were granted their discharge under 727 of title 11, United States Code (the Bankruptcy Code). BOA received the discharge and knew that the discharge had been entered at all times material.

12. On or about October 31, 2014, the servicing of Plaintiffs' loan was transferred from BOA to Bayview.

13. BOA and Bayview also knew that the discharge had been entered at all times material.

14. Despite the discharge, beginning in 2013 and continuing throughout 2014 and up until the change in servicer, BOA contacted Plaintiffs' cell phones in order to collect on a debt that was current and never past due. Plaintiffs informed BOA that they had made all payments according to the Confirmed Plan and for BOA to stop calling; in fact, instructing BOA to contact Plaintiffs' counsel regarding all legal matters; nonetheless, calls by BOA to Defendants' cell phones continued.

15. In or around November 2014 and continuing throughout 2016, Bayview as well called Plaintiffs' cell phones in order to collect on a debt that was current and never past due. Plaintiffs informed Bayview that they had made all payments according to the Confirmed Plan and for Bayview to stop calling; in fact, instructing Bayview to contact Plaintiffs' counsel regarding all legal matters. Nevertheless, calls by Bayview to Plaintiffs' cell phones continued.

   **b.  *Plaintiffs' provided a qualified written request ("QWR") and notice of error to Bayview pursuant to the RESPA.***

16. On May 16, 2013, Plaintiffs made their first payment of $1,451.40 to BOA per the Confirmed Plan for the property located at 14246 Twin Falls Drive East, Jacksonville, Florida

3

32224 (the "Twin Falls Property"), which was classified in the Confirmed Plan as Class 3 (the "Class 3 Collateral").

17. On or about October 2013, and up until the loan was transferred, BOA misapplied the payments made by Plaintiffs as well as mailed numerous statements demanding erroneous amounts.

18. Throughout 2013 and 2014, Plaintiffs corresponded over dozen times with BOA regarding the erroneous amounts demanded and the misapplied payments.

19. In October 2014, Bayview acquired the servicing rights to Plaintiffs' loan of the Twin Falls Property and continued the misapplication of Plaintiffs' payments as well as demanded erroneous past due amounts.

20. For the remainder of 2014, Plaintiffs had numerous conversations and email correspondence with Bayview regarding the erroneous amounts demanded and the misapplied payments.

21. On February 12, 2015, Bayview mailed to Plaintiffs a notice of default and intent to accelerate, a copy of which is attached hereto and incorporated herein as Exhibit A.

22. Plaintiffs emailed Bayview the order of discharge on February 18, 2015, a copy is attached hereto and incorporated herein as Exhibit B.

23. On April 9, 2015, Plaintiffs mailed a QWR and notice of error to Bayview for its continued willful violation of the Confirmed Plan, a copy of the QWR is attached hereto and incorporated herein as Exhibit C.

24. On April 14, 2015, Bayview received the QWR, a copy acknowledging same is attached hereto and incorporated herein as Exhibit D.

25. On May 4, 2015, Bayview filed a motion to clarify the effective date of loan payments (Doc 231).

26. On May 5, 2015, Bayview notified Plaintiffs of the hearing to consider Bayview's motion to clarify (Doc 232).

27. On June 22, 2015, after oral argument and ruling recorded in open court on June 17, 2015, the Bankruptcy Court entered an order clarifying that the effective date of Plaintiffs' Confirmed Plan for payment of the Twin Falls Property began on May 24, 2013 (Doc 234).

28. Pursuant to the Confirmed Plan, as of May 16, 2013, and through the date hereof, Plaintiffs have made timely payments each and every month to BOA and Bayview. Attached hereto and incorporated herein as Exhibit E is a schedule of Plaintiffs' payments.

29. As of the date of filing of this Complaint, Bayview has neither responded to Plaintiffs' QWR nor provided any information as required by RESPA.

30. Further, both BOA and Bayview have reported to major consumer credit reporting agencies the account related to the Twin Falls Property as delinquent after the Confirmation Order was entered and after being furnished with correspondence informing BOA and Bayview that Plaintiffs were paying according to the Confirmed Plan and were current.

   c. *Bayview's Actions Subsequent to the Court's Order of June 22, 2015 Clarifying the Effective Date of Plaintiffs' Confirmed Plan.*

31. Despite Plaintiffs making every single payment as required by the Confirmed Plan, and accepted, Bayview has sent Plaintiffs at least ten (10) delinquency notices, threatened foreclosure, failed to respond to Plaintiffs' QWR, refused to speak with Plaintiffs regarding the account, and has demanded payments for past due amounts on the Twin Falls Property even after furnished with correspondence informing Bayview that Plaintiffs were current.

32. Bayview has continued to report to major consumer credit reporting agencies the account related to the Twin Falls Property as delinquent since December 2014 despite Plaintiffs being current according to the Confirmed Plan and clarified by the Court on June 17, 2015.

33. BOA has telephoned Plaintiffs both through their cell phones and at their place of business at least fifteen (15) times attempting to collect money on the Twin Falls Property although Plaintiffs were current and after the Bankruptcy Court's discharge injunction was entered.

34. Bayview has telephoned Plaintiffs both through their cell phones and at their place of business at least twenty-five (25) times attempting to collect money on the Twin Falls Property although Plaintiffs were current and after the Bankruptcy Court's discharge injunction was entered.

35. On or before June 10, 2016, Bayview demanded payment of $2,500 from Plaintiffs in order to avoid foreclosure. Plaintiffs made their normal monthly payment of $1,553.36 on June 7, 2016, and then a second payment of $2,500 on June 10, 2016 in order to avoid foreclosure even though Plaintiffs were current.

36. On July 21, 2016, Bayview provided a payoff figure to Plaintiffs that is incorrect as it includes late fees, attorneys fees, arrearages, and other costs, and fails to account for the nearly 3.5 years of payments made by Plaintiffs on the original balance of $192,679.80. A copy of the payoff statement is attached hereto and incorporated herein as Exhibit F.

37. Then, on September 26, 2016, Bayview once more notified Plaintiffs that they were one or more payments behind even though Plaintiffs had timely made every payment, including September's. A copy of the letter is attached hereto and incorporated herein as Exhibit G.

### d. *Harm to Plaintiffs.*

38. Plaintiffs have taken much of their time and effort in attempt to rectify BOA and Bayview's reporting of false information to the major credit reporting agencies including, but not limited to, availing themselves of the procedures set forth in the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act, the Fair Credit Billing Act, among other procedures designed by Congress to ensure creditor compliance without intervention of the courts.

39. Due to BOA and Bayview's erroneous reporting to trade-lines on Plaintiffs' consumer credit reports, Plaintiffs were forced to accept much higher interests rates for loans to obtain necessary consumer and business goods and services.

40. Due to BOA and Bayview's harassing phone calls, persistent receipt of delinquency and demand letters, among other things, requiring Plaintiffs' response, time, effort, expense and causing extreme frustration and physical and emotional distress requiring medical treatment, as well as unnecessary marital strife (which has led to separation and disintegration of the marital home, and precipitated the filing of divorce). Plaintiffs have suffered significant damages.

41. Due to BOA and Bayview's misapplication of payments, Plaintiffs have paid more each month than required by the Confirmed Plan on the Twin Falls Property and have been extorted for additional monies in order to avoid wrongful foreclosure(s).

42. Due to Bayview violating the Chapter 11 Plan, as well as Bayview ignoring the Bankruptcy Court's order clarifying when payments began (albeit, it conspicuously clear on the Confirmation Order), and then disregarding Plaintiffs' QWR and failing to correct the errors and provide the requested information, Bayview violated RESPA and have caused Plaintiffs to suffer late fees, additional interest and other costs and fees related to the Twin Falls Property for which

they are not responsible, as well as Plaintiffs expending significant time and effort and expense to resolve that has caused extreme frustration and physical and emotional distress.

## COUNT I
## BAYVIEW'S VIOLATION OF THE FDCPA - 15 U.S.C. § 1692 *et seq.*

43. Plaintiffs incorporate the allegations contained in paragraphs 8-13, 15, 19-32, and 34-42 here.

44. This action is for statutory damages pursuant 15 U.S.C. §1692 *et seq.* as a result of Bayview's unlawful and willful practice of attempting to collect on a consumer debt that was current and being paid according to the Confirmed Plan.

45. Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3).

46. Bayview is a debt collector as defined by 15 U.S.C. §1692a(6).

47. Bayview's violations with regard to the Stephens include but are not limited to:

   a. causing their phone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   b. repeatedly calling the Stephens after informing Bayview numerous times that the account was current;

   c. mailing numerous delinquent letters demanding erroneous amounts to avoid foreclosure and/or bring the account current; and

   d. causing the Stephens to suffer anger, disgust, anxiety, frustration, and marital strife leading to the filing of divorce.

48. Bayview falsely represented the legal status of the debts settled by the Confirmation Order and discharge by communicating that said debts are valid, due and owing, and collectable through the many delinquency letters, demands for payment, and phone call collection activities.

49. Bayview falsely communicated to the major consumer credit reporting bureaus information Bayview knew or should have known to be false.

50. Bayview attempted to collect an amount from Plaintiffs that are not permitted by the Confirmation Order and the discharge injunction.

## COUNT II
## BAYVIEW'S VIOLATION OF THE FCCPA - §§ 559.55 *et seq.*

51. Plaintiffs incorporate the allegations contained in paragraphs 8-13, 15, 19-32, and 34-42 here.

52. This action is for statutory damages, declaratory and injunctive relief pursuant to §559.55, Fla. Stat. *et seq.*, as a result of Bayview's connection with the collection or attempt to collect on a consumer debt, to-wit: claiming, attempting or threatening to enforce a debt when it knows the debt is part of a discharge injunction and when Plaintiffs are current, and/or to assert the existence of some other legal right when it knows the right does not exist.

53. Plaintiffs are consumers or debtors as defined by §559.55 (1) and (2), Fla. Stat. (2015).

54. Bayview is a creditor as defined by §559.55(3).

55. Bayview is a debt collector as defined by §559.55(6), Fla. Stat. (2015).

56. The obligation between the parties is a "consumer debt" as defined by §559.55(1), Fla. Stat. (2015).

57. Bayview's violation of the FCCPA includes, but is not limited to, claiming, attempting, or threatening to enforce a debt when such person knows it is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of § 559.72(9), Fla. Stat. (2015).

58. Bayview's violations with regard to the Stephens include but are not limited to:

    a. causing their phone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    b. repeatedly calling Plaintiffs after informing Bayview numerous times that the

9

account was current;

c. mailing numerous delinquent letters demanding erroneous amounts to avoid foreclosure and/or bring the account current; and

d. causing the Stephens to suffer anger, disgust, anxiety, frustration, and marital strife leading to the filing of divorce.

59. Due to Bayview's wrongful collections actions and violations of the FCCPA, the Stephens have lost sleep, suffered headaches, filed for divorce, and, as such, have suffered actual damages requiring medical care due to Bayview's unlawful collection activities. As a result, the Stephens have been forced to retain undersigned counsel and has promised to pay reasonable fees for those services. Bayview is liable for those fees, as well as court costs, pursuant to §559.77, Fla. Stat. (2015).

## COUNT III
## BAYVIEW'S VIOLATION OF THE FCRA - 15 U.S.C. § 1691 *et seq.*

60. Plaintiffs incorporate the allegations contained in paragraphs 8-13, 15, 19-32, and 34-42 here.

61. Bayview regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with consumers.

62. Bayview did not notify Plaintiffs at any time that the dispute regarding erroneous reporting was considered frivolous or irrelevant, or Plaintiffs had failed to provide sufficient information to investigate the disputed information.

63. Bayview failed to review all relevant information provided by Plaintiffs.

64. Bayview failed to adequately conduct an investigation with respect to the disputed information after Plaintiffs' notice of dispute was received.

65. Bayview failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by Bayview was inaccurate.

66. Bayview engaged in willful non-compliance through multiple reinvestigation requests.

## COUNT IV
## BAYVIEW'S VIOLATION OF RESPA - 12 U.S.C. § 2605 *et seq.*

67. Plaintiffs incorporate the allegations contained in paragraphs 8-13, 15, 19-32, and 34-42 here.

68. Bayview improperly credited Plaintiffs' payments, which triggered default notices, collection calls, negative credit reporting, and additional payments by Plaintiffs to thwart foreclosure.

69. On or about April 14, 2015, Bayview received Plaintiffs QWR.

70. Bayview failed to timely and fully respond to the written request pursuant to 12 U.S.C. §2605(e).

71. Bayview continues to mail incorrect and inaccurate statements to Plaintiffs and demand monies for which it is not entitled.

## COUNT V
## BOA'S VIOLATION OF THE TCPA - § 47 U.S.C. 227 *et seq.*

72. Plaintiffs incorporate the allegations contained in paragraphs 8-14, 16-18, 28, 30, 33, and 38 - 41 here.

73. At all times relevant herein, Plaintiffs had cellular telephone service with Verizon Wireless, through its trademarked provider, Verizon Wireless[1].

74. BOA has placed over 15 calls to Plaintiffs' cell phones utilizing the Mobile #'s 904-545-XXXX and 904-237-XXXX, despite being informed to stop calling and to contact Plaintiffs' attorney.

---

[1] For privacy reasons, the # is not set forth in full herein; however, upon agreement of the parties or order of the Court regarding the confidential handling of the full Mobile #, Plaintiff will provide the cell phone number in full.

75. If there was an implied established business relationship with BOA, that relationship was revoked by Plaintiff's, considering Plaintiffs were represented at the time and BOA knew all inquiries regarding the loan should have been directed to Plaintiffs' counsel.

76. With each call placed after revocation to the Mobile #'s 904-545-XXXX and 904-237-XXXX, BOA violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiffs' cellular telephones.

77. Plaintiffs advised BOA to call their attorney, yet BOA ignored this and continued to call Plaintiffs' cell phones.

78. BOA's actions were deliberate, willful and in complete disregard for the law.

79. BOA is subject to, and required to abide by, the laws of the United States and the State of Florida, which include the TCPA and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2), and the FCCPA.

## COUNT VI
## BAVYVIEW'S VIOLATION OF THE TCPA - § 47 U.S.C. 227 *et seq.*

80. Plaintiffs incorporate the allegations contained in paragraphs 8-13, 15, 19-32, and 34-42 here.

81. At all times relevant herein, Plaintiffs had cellular telephone service with Verizon Wireless, through its trademarked provider, Verizon Wireless[2].

82. Bayview has placed over 25 calls to Plaintiffs' cell phones utilizing the Mobile #'s 904-545-XXXX and 904-237-XXXX, despite being informed to stop calling and to contact Plaintiffs' attorney.

---

[2] For privacy reasons, the # is not set forth in full herein; however, upon agreement of the parties or order of the Court regarding the confidential handling of the full Mobile #, Plaintiff will provide the cell phone number in full.

83. If there was an implied established business relationship with Bayview, that relationship was revoked by Plaintiff's, considering Plaintiffs were represented at the time and Bayview knew all inquiries regarding the loan should have been directed to Plaintiffs' counsel.

84. With each call placed after revocation to the Mobile #'s 904-545-XXXX and 904-237-XXXX, Bayview violated 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA by making telephone calls to Plaintiffs' cellular telephones.

85. Plaintiffs advised Bayview to call their attorney, yet Bayview ignored this and continued to call Plaintiffs' cell phones.

86. Bayviews's actions were deliberate, willful and in complete disregard for the law.

87. Bayview is subject to, and required to abide by, the laws of the United States and the State of Florida, which include the TCPA and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2), and the FCCPA.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that the Court finds:

a) Bayview violated 15 U.S.C. §1692, *et seq.*, the FDPCA;

b) Bayview violated §559.55, Fla. Stat., *et seq.*, the FCCPA;

c) Bayview violated 15 U.S.C. § 1681, *et seq.*, the FCRA;

d) Bavyview violated 12 U.S.C. 2601, *et seq.*, the RESPA;

e) BOA and Bayview violated 47 U.S.C. §227, *et seq.*, the TCPA;

f) For Bayview's willful violation of the FDCPA, a judgment awarding statutory damages of $1,000 for each Plaintiff; an award of actual and punitive damages, and for an award of

litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled;

g) For Bayview's willful violation of the FCCPA, a judgment awarding statutory damages of $1,000 for each Plaintiff and for each violation of the statute; an award of actual and punitive damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled;

h) For Bayview's willful violation of the FCRA, a judgment awarding statutory damages of $1,000 per violation; an award of actual damages in the amount of $28,362, representing the credit premium required for financing goods and services; an award of punitive damages, and for an award of litigation costs and reasonable attorney's fees;

i) For Bayview's willful violation of the RESPA, a judgment awarding actual damages in the amount of $10,000.00; and for an award of litigation costs and reasonable attorney's fees;

j) A judgment of Fifteen-Hundred Dollars ($1,500.00) in statutory damages for each of BOA's fifteen (15) willful or knowing violation of the TCPA through its unlawful calls made to Plaintiffs' cell phones in the amount of $22,500;

k) A judgment of Fifteen-Hundred Dollars ($1,500.00) in statutory damages for each of Bayview's twenty-five (25) willful or knowing violation of the TCPA through its unlawful calls made to Plaintiffs' cell phones in the amount of $37,500;

l) BOA and Bayview's violations were willful, repeated, and were conducted with reckless disregard for the forgoing statutes and this Court's Confirmation Order and discharge injunction. Therefore, where applicable, a judgment awarding punitive damages equal to 2x all statutory and actual damages.

**Trial by Jury:** Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

Dated: September 22, 2017.

                                      **RESPECTFULLY SUBMITTED**
                                      **ESPENSHIP, SCHLAX & ALBEE**

                                      */s/ Sean A. Espenship*

                                      _____
                                      Sean A. Espenship, Esq./FBN: 128340
                                      200 East Forsyth Street
                                      Jacksonville, Florida 32202
                                      Email: sean@esalawgroup.com
                                      Tel: (904) 674-0717 Fax: (904) 674-0737
                                      *Attorney for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Ronald C. Stephens states as follow:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations or were created by using available software.

_____
Ronald C. Stephens

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Misti A Stephens states as follow:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations or were created by using available software.

_____
Misti A. Stephens